IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTRHERN DIVISION

| | | |
|---|---|---|
| TOMMIE LEE CATLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO 12-0629-N |
| | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This action presents plaintiff's second appeal from an adverse decision in his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. In the first appeal, 09-CV-0606-KD-N, the court remanded the action to the Commissioner on the basis that the ALJ erred in adopting the opinion of an agency disability examiner—a non-examining, non-medical source—which was at odds with the opinion of an examining source. Doc. 19, case no. 09-606, at 11-13. In the instant appeal, the parties have consented to the exercise of jurisdiction by the undersigned magistrate judge (doc. 22) and the case has been referred (doc. 23) to the undersigned for all purposes pursuant to 8 U.S.C. §636(c). Upon consideration of the record, including the administrative record (doc. 15, as amended docs. 16 & 17) and the briefs of plaintiff (doc. 18) and defendant (doc. 19), it is the opinion of the court that the decision of the Commissioner is due to be AFFIRMED.

Background

Plaintiff filed a prior application for disability insurance benefits ("DIB") on June 7, 2002, which was denied following a hearing. Plaintiff had alleged an onset date of July 12, 2001, and did not appeal from that decision. Plaintiff thereafter filed the application for DIB on

December 21, 2006, again alleging an onset date of July 12, 2001; the ALJ held that plaintiff's second claim was barred by res judicata as to disability for the period between July 12, 2001, and the date of the prior decision, April 28, 2005.  Thus, in the instant case, the ALJ considered plaintiff's second application to concern alleged disability beginning on April 29, 2005.  Doc. 15 at 30-31.  That finding is not challenged in this appeal.

Following a hearing held before the ALJ on December 2, 2008, plaintiff's current application was denied on January 21, 2009.  After seeking review by the Appeals Council without success, plaintiff appealed to this court.[1]  See Catledge v. Astrue, CA 09-606-KD-N.  On August 13, 2010, Judge DuBose adopted the report and recommendation of the undersigned and remanded the action to the Commissioner for further proceedings.  See id., Docs. 19, 20.

Following remand, the ALJ held a new hearing on November 17, 2010; the ALJ issued an unfavorable decision on November 30, 2010.  The Appeals Council denied plaintiff's request for review on September 8, 2012, and the instant appeal timely followed.

## Legal Standard

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or

---

[1] While that appeal was pending, plaintiff protectively filed another application for benefits, which was merged following remand into this claim.  The inclusion of the additional claim does not significantly affect  review in this case.

substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance.  In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999.

Statutory and Regulatory Framework

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general

public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. Patterson v. Bowen, 799 F.2d 1455, 1456 n .1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. See 20 C.F.R. §§ 404.1520, 416.920 (2010).

(1) Is the person presently unemployed?

(2) Is the person's impairment(s) severe?

(3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[2]

(4) Is the person unable to perform his or her former occupation?

---

[2] This subpart is also referred to as "the Listing of Impairments" or "the Listings."

4

>   (5) Is the person unable to perform any other work within the economy?
>
>   An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).

The burden of proof rests on a claimant through Step 4. *See* Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2004). Claimants establish a *prima facie* case of qualifying disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. Id.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). Id. at 1238–39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. Id. It also can contain both exertional and nonexertional limitations. Id. at 1242–43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. Id. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines, 20 C.F.R. pt. 404 subpt. P, app. 2 ("grids") in a proper case or hear testimony from a vocational expert (VE), id. at 1239–40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. Id. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." Id.

Issues on Appeal

Plaintiff raises a single issue: whether the ALJ erred by granting great weight to the opinion of Charles H. Crump, M.D., a State agency non-examining, non-treating source, while discounting the opinions of plaintiff's treating physician, Dr. Gregory Evans, concerning plaintiff's limitations and residual functional capacity.

Discussion

"[T]he opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir.1991). "Good cause" to afford less weight to a treating physician's opinion may be found to exist where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997).

On March 8, 2008, Dr. Evans, plaintiff's treating physician completed a PCE form (doc. 17-2 at 319), stating that plaintiff could sit for a total of 2 hours at a time and for a total of 2 hours during an 8-hour work day; stand and/or walk for 4 hours at a time and in an 8-hour work day; lift up to 5 pounds for up to 4 hours per day, and 5 pounds for up to 3 hours per day; lift up to 10 pounds for up to 2 hours per day and carry 10 pounds for up to 1 hour per day. The ALJ's decision recites several reasons for finding Dr. Evans' opinions/restrictions in the PCE form—bend for 2 hours per day; squat for 1 hour per day; and could not crawl, climb or reach—not to be entitled to significant weight. Dr. Evans placed no restriction on plaintiff's ability to use his arms/hands or legs/feet for repetitive movements. Dr. Evans also completed a Clinical Assessment of Pain ("CAP") form (doc. 15 at 376-77), which reflected his opinion that plaintiff would have pain present to such an extent as to distract him from adequately performing daily

6

activities or work; that his pain and drug side-effects could be expected to be severe and to limit plaintiff's effectiveness due to distraction, inattention and drowsiness; and that physical activities such as walking, standing, and bending would greatly increase plaintiff's pain and cause distraction from, or total abandonment of, work tasks.

In the prior appeal, the court held that the ALJ properly discounted Dr. Evans' opinions. *See* doc. 15 at 201, *also found at* CA 09-606-KD-N, doc. 26 at 10.  Plaintiff does not attempt to renew his challenge in this appeal to the ALJ's decision not to give significant weight to those opinions.[3]  Rather, plaintiff argues that reliance on the non-examining physician's opinions was improper, particularly in preference to the discounted opinion of Dr. Evans.

Dr. Crump reviewed the plaintiff's medical records and issued a written RFC opinion (doc. 15 at 352, et seq.) for the state agency.[4]  Dr. Crump's opinion indicated that, in his opinion, plaintiff could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an eight hour workday; sit for 6 hours per day; and push or pull, including with hand or foot controls, an unlimited amount.  He further stated that plaintiff could climb a ramp or stairs frequently, and climb a ladder, rope or scaffold occasionally, balance frequently, and stoop, kneel, crouch or crawl occasionally.

Taken alone, the opinion of a non-examining physician does not constitute substantial evidence to support the Commissioner's decision. Swindle v. Sullivan, 914 F.2d 222, 226 n. 3 (11th Cir.1990). However, the ALJ may consider the reports and assessments of state agency

---

[3] The prior holding is the law of the case; in addition, plaintiff has not demonstrated that the ALJ's decision to discount Dr. Evans' opinions was in error or that the court should alter its prior holding.

[4] Both the opinions of Dr. Evans and Dr. Crump appear to have been entered before this action was remanded to the Commissioner.

physicians as expert opinions. 20 C.F.R. § 416.927(f)(2)(i). In certain circumstances, courts in this Circuit have upheld an ALJ's decision based in significant part on the opinion of a non-examining medical expert, particularly where the ALJ has relied on other objective medical information in the record to reach his RFC conclusions. *See* Ogranaja v. Commissioner of Soc. Sec., 186 Fed. App'x 848, 850–51 (11th Cir. June 5, 2006) (per curiam) (citing Swindle but then noting that, there, "[t]he ALJ arrived at his decision after considering the record in its entirety and did not rely solely on the opinion of the state agency physicians. The ALJ found that, unlike [the treating physician's] opinions, the expert opinions of the non-examining state agency physicians were supported by and consistent with the record as a whole."); Wilkinson v. Commissioner of Soc. Sec. Admin., 289 Fed. App'x. 384, 386 (11th Cir. Aug. 20, 2008) (per curiam) ("The ALJ did not give undue weight to the opinion of the non-examining state agency physician because he did not rely solely on that opinion. The ALJ considered the opinions of other treating, examining, and non-examining physicians; rehabilitation discharge notes indicating improvement; and Wilkinson's own disability reports and testimony.") Thus, while the opinion of a nonexamining medical professional[5] standing on its own is inadequate to constitute substantial evidence in support of an RFC determination, such an opinion may be a significant component of substantial evidence if treated as an expert opinion and considered in conjunction with other medical records.

    A review of the record in this action demonstrates that the ALJ relied on other medical evidence in the record in determining that plaintiff was not disabled. He discusses the results of

---

[5] This is to be distinguished from opinions offered by agency employees known as disability specialists or others who are not medical professionals. *See e.g.* Jackson v. Astrue, 2010 WL 2573508, *7 (S.D.Ala. June 21, 2010)(" an RFC assessment completed by a disability specialist is entitled to no weight").

consultative exams by John T. Houston, M.D., and William A. Crotwell III, M.D.  In regard to Dr. Crump's opinions, the ALJ stated:

> The Administrative Law Judge acknowledges that, as non-examining sources, the State Agency consultants' opinions are not entitled to controlling weight; however, they can be considered and weighed as those of highly qualified sources who are experts in the evaluation of the medical issues in disability claims under the Social Security Act.  Dr. Crump's opinion is consistent with and supported by the information contained in the claimant's treatment records and reports, as well as by the information contained in Dr. Crotwell's consultative examination report.  Given the lack of any credible contradictory opinions from a treating or examining source, the undersigned finds that the State Agency opinion evidence, as set forth in Exhibit C2F, is given great weight and is the best evidence of record of the claimant's physical capacities and limitations during the relevant period under consideration.

Id. at 38.

The ALJ's decision to reject the opinion of Dr. Evans was, as held previously, supported by substantial evidence.  The opinion of Dr. Crump was not the basis for rejecting Dr. Evans' opinion.  *See* plaintiff's brief, doc. 18, at 6 (*citing* Johns v. Bowen, 821 F.2d 551, 554 (11th Cir. 1987) for the proposition that a non-examining physician's report can not be considered "good cause" to discount the contradictory opinion of a treating physician).  The ALJ properly based his RFC decision on the evidence in the record, including, but not solely relying on, the opinion of Dr. Crump.  The court finds that the RFC decision was thus supported by substantial evidence.

Conclusion

For the foregoing reasons, it is hereby ORDERED that the decision of the Commissioner denying plaintiff's claim for benefits is AFFIRMED.  A separate judgment shall enter.

DONE this 26th day of June, 2013.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE